# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

DAMIEN WARREN WEBB

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:05-cr-42-T-30TGW
USM NUMBER: 10112-033

Defendant's Attorney: Peter Anthony Sartes, cja.

THE DEFENDANT:

_X_ pleaded guilty to count(s) ONE (1) and FIVE (5) of the Indictment.
__ pleaded nolo contendere to count(s) which was accepted by the court.
__ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to Commit Mail Theft and Bank Fraud | December 17, 2002 | One |
| 18 U.S.C. §1344 | Bank Fraud | September 19, 2002 | Five |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
_X_ Count(s) TWO (2) - FOUR (4) and SIX (6), SEVEN (7), TEN (10) - SIXTEEN (16) and NINETEEN (19) are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of anychange of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: January 3, 2007

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: January 3, 2007

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant: DAMIEN WARREN WEBB  
Case No.: 8:05-cr-42-T-30TGW  
Judgment - Page 2 of 6

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of SIXTY-FOUR(64) MONTHS. This term consists of SIXTY (60) MONTHS as to Count One and SIXTY-FOUR (64) MONTHS as to Count Five, all such terms to run concurrently. The terms of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment imposed pursuant to the judgment in Docket Number 05-CR-002665-06, Circuit Court of Jefferson County, Kentucky.

_X_ The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at FCI Talladega (AL), if possible. The defendant shall participate in the 500 hour intensive drug treatment program while incarcerated.

_X_ The defendant is remanded to the custody of the United States Marshal.  
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.  
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.  
    ___ as notified by the United States Marshal.  
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

___ at _____, with a certified copy of this judgment.

United States Marshal

By:_____  
Deputy United States Marshal

Defendant: DAMIEN WARREN WEBB                                           Judgment - Page 3 of 6
Case No.: 8:05-cr-42-T-30TGW

# SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of a THREE (3) YEAR term as to Count One and a FIVE (5) YEAR term as to Count Nine, all such terms to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant: DAMIEN WARREN WEBB | Judgment - Page 4 of 6 |
| Case No.: 8:05-cr-42-T-30TGW | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__  Defendant shall participate in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services. Upon completion of a drug or alcohol dependency treatment program the defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 test per year.

__X__  The defendant shall provide the probation officer access to any requested financial information.

__X__  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

__X__  The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The Court authorizes random drug testing not to exceed 104 tests per year.

| Defendant: | DAMIEN WARREN WEBB | Judgment - Page 5 of 6 |
|---|---|---|
| Case No.: | 8:05-cr-42-T-30TGW | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $200.00 | Waived | Not to exceed the stipulated amount of $159,000 as noted in the plea agreement |

__X__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bank of America, Corporate Security<br>c/o Gary Collins<br>390 N. Orange Avenue<br>Orlando, Florida | | $91,638.41 | |
| Wachovia Bank<br>c/o George Twidell<br>301 S. Orlando Avenue<br>Maitland, Florida 32751 | | $40,086.93 | |
| AmSouth Bank<br>c/o Roderick Franklin<br>13535 Feather Sound Drive, Suite 401<br>Clearwater, Florida 33762 | | $9,628.90 | |
| Sun Trust Bank<br>c/o Gary Snow<br>1777 Main Street<br>Sarasota, Florida 34230 | | $8,913.00 | |
| Compass Bank<br>c/o David Whitehurst<br>P.O. Box 52385<br>Jacksonville, Florida 32201 | | $4,482.00 | |
| BB&T Corporate Investigations<br>c/o Tina Bowman<br>P.O. Box 1220<br>Winston-Salem, North Carolina 27102 | | $7,713.45 | |
| SunTrust<br>c/o Pat Kumper<br>969 E. Main Street<br>Richmond, Virginia 23219 | | $48,235.95 | |
| Wachovia<br>c/o Restitution Coordinator<br>P.O. Box 2818<br>Huntersville, North Carolina 28070 | | $49,059.45 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:   DAMIEN WARREN WEBB                                        Judgment - Page  6  of  6
Case No.:    8:05-cr-42-T-30TGW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  __X__  Lump sum payment of $ __200.00__ due immediately, balance due

        ___ not later than _____, or

        ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.  ___  Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  __X__  Special instructions regarding the payment of criminal monetary penalties:

While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall pay restitution at the rate of $200 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the court of a material change in the defendant's ability to pay, and the court may adjust the payment schedule accordingly.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__   Joint and Several

      The defendant shall pay restitution jointly and severally with Cameron Reuben Moore and Jacob Vance, in an amount that shall not exceed the amount stipulated to in Defendant Damien Webb's plea agreement.


_   The defendant shall pay the cost of prosecution.

_   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, which are in the possession or control of the defendant or the defendant's nominees. The Forfeiture Money Judgment [Dkt. 87] issued on 10/16/06 will be made part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 8:05-cr-42-T-30TGW

DAMIEN WARREN WEBB,

    Defendant.

**FORFEITURE MONEY JUDGMENT**

THIS CAUSE comes before the Court on motion of the United States of America for Entry of a Forfeiture Money Judgment (Dkt. #86) in the amount of $302,000.00 USD as to defendant Damien Warren Webb. The Court, being fully advised in the premises, hereby finds that as a result of defendant Damien Warren Webb's participation in the conspiracy in violation of 18 U.S.C. § 371 charged in Count One of the Indictment, to which the defendant pled guilty, the defendants obtained funds in the amount of $302,000.00 in United States currency. Accordingly, for good cause shown, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the United States' motion (Dkt. #86) is GRANTED.

It is FURTHER **ORDERED** that, for his participation in the conspiracy in violation of 18 U.S.C. § 371, defendant Damien Warren Webb is jointly and severally liable for a forfeiture money judgment in the amount of $302,000.00 USD pursuant to the provisions of 18 U.S.C. § 982(a)(2)(A) and Fed. R. Crim. P. 32.2(b)(2).

The Court shall retain jurisdiction to enter any orders necessary for the forfeiture and disposition of any substitute assets, belonging to the defendant, sought by the Government pursuant to 21 U.S.C. § 853(p) in satisfaction of such money judgment.

**DONE** and **ORDERED** in Tampa, Florida on October 16, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Adelaide G. Few, AUSA
Attorneys of record

F:\Docs\2005\05-cr-42.forfeiture fj 86.wpd